IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 14-cv-01014-BNB

RONALD JENNINGS FOGLE,

   Plaintiff,

v.

ANGELINA GONZALES, in her individual and official capacities as case manager for
   CCCF,

   Defendant.

ORDER OF DISMISSAL

   Plaintiff, Ronald Jennings Fogle, is a prisoner in the custody of the Colorado Department of Corrections. Mr. Fogle initiated this action by filing *pro se* a Prisoner Complaint (ECF No. 1). On April 24, 2014, Mr. Fogle filed an Amended Prisoner Complaint (ECF No. 8). Mr. Fogle asserts two claims for relief pursuant to 42 U.S.C. § 1983 contending that his constitutional rights have been violated. He seeks damages and declaratory relief.

   The Court must review Mr. Fogle's claims in the Prisoner Complaint because he is a prisoner and the § 1983 claims he is asserting relate to prison conditions. *See* 42 U.S.C. § 1997e(c)(1). Furthermore, the Court is required to dismiss the action if it is frivolous. *See id.* A legally frivolous claim is one in which the plaintiff asserts the violation of a legal interest that clearly does not exist or asserts facts that do not support an arguable claim. *See Neitzke v. Williams*, 490 U.S. 319, 324 (1989). For the reasons stated below, the Court will dismiss the Amended Prisoner Complaint as legally

frivolous.

The Court must construe the Amended Prisoner Complaint liberally because Mr. Fogle is not represented by an attorney.  *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).  If the Amended Prisoner Complaint reasonably can be read "to state a valid claim on which the plaintiff could prevail, [the Court] should do so despite the plaintiff's failure to cite proper legal authority, his confusion of various legal theories, his poor syntax and sentence construction, or his unfamiliarity with pleading requirements."  *Hall*, 935 F.2d at 1110.  However, the Court should not be an advocate for a *pro se* litigant.  *See id.*

Mr. Fogle's claims in the Amended Prisoner Complaint stem from Defendant's failure to provide an administrative grievance form Mr. Fogle requested on March 20, 2014.  Mr. Fogle alleges that he requested a grievance form in order to file a grievance regarding the computation of his sentence and, in particular, the failure to award him good and earned time credits for three years from August 16, 2000, through August 11, 2003, while he was in administrative segregation at a different prison.  Although Mr. Fogle includes in the Amended Prisoner Complaint a lengthy discussion of why he should have been awarded good and earned time credits while he was in administrative segregation, he does not assert any claim against Defendant regarding the computation of his sentence, and he does not allege that Defendant is responsible in any way for the computation of his sentence.

Mr. Fogle specifically asserts two First Amendment claims against Defendant based on her failure to provide a grievance form.  He first claims that Defendant violated his constitutional right of access to courts because he was unable to exhaust

2

administrative remedies regarding the computation of his sentence.  Mr. Fogle's second claim is a retaliation claim in which he alleges that Defendant denied him a grievance because Mr. Fogle filed a lawsuit against Defendant's best friend, former investigator John Palomino.  The specific lawsuit Mr. Fogle contends he filed against John Palomino that led to the alleged retaliation is *Fogle v. Palomino*, No. 14-cv-00880-KLM (D. Colo. filed Mar. 26, 2014).

Mr. Fogle's access to the courts claim is legally frivolous because the denial of a prison grievance form does not implicate the constitutional right of access to the courts. "When the claim underlying the administrative grievance involves a constitutional right, the prisoner's right to petition the government for redress is the right of access to the courts, which is not compromised by the prison's refusal to entertain his grievance." *Flick v. Alba*, 932 F.2d 728, 729 (8th Cir. 1991) (per curiam); *see also Boyd v. Werholtz*, 443 F. App'x 331 (10th Cir. 2011) (affirming dismissal under § 1915A of inmate's claim based on alleged denial of access to prison grievance procedure); *Sawyer v. Green*, 316 F. App'x 715, 717 n. 3 (10th Cir. 2008) (noting that a failure to respond to an inmate's grievances does not implicate the constitutional right of access to the courts); *Walters v. Corrs. Corp. of Am.*, 119 F. App'x 190, 191 (10th Cir. 2004) (finding that an alleged denial of access to administrative grievance procedure did not result in a constitutional violation).  Mr. Fogle is correct that a prisoner is required to exhaust the available administrative remedies before filing an action in federal court.  *See* 42 U.S.C. § 1997e(a).  However, "[w]hen prison officials block a prisoner's access to the grievance process, the administrative remedies are not 'available' to the prisoner and, therefore, do not need to be exhausted prior to initiation of a section 1983 action." *Main v. Martin*,

No. 06-cv-00232-WDM-MJW, 2009 WL 215404 at *5 (D. Colo. Jan. 22, 2009) (unpublished). Therefore, the access to the courts claim is legally frivolous and must be dismissed.

Mr. Fogle's retaliation claim also is legally frivolous. To reiterate, Mr. Fogle alleges in support of his retaliation claim that Defendant denied him a grievance form because Mr. Fogle filed a lawsuit against Defendant's best friend, former investigator John Palomino, and the specific lawsuit that allegedly led to the retaliatory action is *Fogle v. Palomino*, No. 14-cv-00880-KLM (D. Colo. filed Mar. 26, 2014).

Prison officials may not retaliate against an inmate for exercising his constitutional rights. *See Peterson v. Shanks*, 149 F.3d 1140, 1144 (10th Cir. 1998). To state a retaliation claim Mr. Fogle must demonstrate (1) that he was engaged in constitutionally protected activity, (2) that Defendant's actions caused him to suffer an injury that would chill a person of ordinary firmness from continuing to engage in that activity, and (3) that Defendant's adverse action was substantially motivated as a response to Plaintiff's constitutionally protected activity. *See Allen v. Avance*, 491 F. App'x 1, 6 (10th Cir. 2012). "Mere allegations of constitutional retaliation will not suffice; plaintiffs must rather allege specific facts showing retaliation because of the exercise of the prisoner's constitutional rights." *Frazier v. Dubois*, 922 F.2d 560, 562 n.1 (10th Cir. 1991).

Mr. Fogle's retaliation claim lacks merit for two reasons. First, he did not file case number 14-cv-00880-KLM until March 26, 2014, which was six days after Defendant allegedly denied his request for a grievance form on March 20, 2014. Mr. Fogle cannot demonstrate that the alleged retaliatory act was substantially motivated as

4

a response to a protected act that had not yet occurred. Second, even assuming Mr. Fogle were to allege that Defendant was aware he intended to file a lawsuit against Mr. Palomino, the retaliation claim still lacks merit because the denial of a grievance form is not the sort of injury that would chill a person of ordinary firmness from continuing to engage in the constitutionally protected activity. *See, e.g., Green v. Snyder*, 525 F. App'x 726, 730 (10th Cir. 2013) (a prison official's failure to provide "grievance forms in a timely fashion would not chill a person of ordinary firmness from continuing to file grievances"). The sort of injury required to support a retaliation claim is more significant than the mere denial of a grievance form. *See Allen v. Avance*, 491 F. Appx. 1, 6 (10th Cir. 2012) ("[t]he prospect of punishment severe enough to satisfy the Eighth Amendment is sufficient to 'chill a person of ordinary firmness' from exercising his constitutional rights"); *Miskovsky v. Jones*, 437 F. Appx. 707, 713 (10th Cir. 2011) (a prison inmate's "transfer to a more dangerous prison would chill a person of ordinary firmness from continuing to pursue the litigation"). In fact, assuming Defendant was aware that Mr. Fogle intended to file a lawsuit against Mr. Palomino, her denial of a grievance form on March 20 obviously did not stop Mr. Fogle from filing the lawsuit a few days later. Therefore, the retaliation claim also will be dismissed.

For these reasons, Mr. Fogle's claims in the Amended Prisoner Complaint will be dismissed as legally frivolous. Furthermore, the Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith and therefore *in forma pauperis* status will be denied for the purpose of appeal. *See Coppedge v. United States*, 369 U.S. 438 (1962). If Plaintiff files a notice of appeal he also must pay the full $505 appellate filing fee or file a motion to proceed *in forma*

*pauperis* in the United States Court of Appeals for the Tenth Circuit within thirty days in accordance with Fed. R. App. P. 24.  Accordingly, it is

ORDERED that the Prisoner Complaint, the Amended Prisoner Complaint, and the action are dismissed as legally frivolous pursuant to 42 U.S.C. § 1997e(c)(1).  It is

FURTHER ORDERED that leave to proceed *in forma pauperis* on appeal is denied without prejudice to the filing of a motion seeking leave to proceed *in forma pauperis* on appeal in the United States Court of Appeals for the Tenth Circuit.  It is

FURTHER ORDERED that "Plaintiff's Motion to Have His Case Placed on the Volunteer Counsel List" (ECF No. 4), the "Amended Plaintiff's Motion to Have His Case Placed on the Volunteer Counsel List" (ECF No. 6), and the "Motion to Waive Marshal's Serve Fee of Summons With Complaint" (ECF No. 7) are DENIED as moot.

DATED at Denver, Colorado, this   14th   day of        May         , 2014.

BY THE COURT:


   s/Lewis T. Babcock
LEWIS T. BABCOCK, Senior Judge
United States District Court